(1) Cardinal—Claim to be satisfied in full—$6,091.50 plus interest computed from September 11, 1971.

(2) United Convention Decorators — Claim to be satisfied in full—$1,986.05 plus interest from September 17, 1971.

(3) United States of America—Claim to be satisfied in full—$48,524.86 plus interest from November 5, 1971.

(4) United States of American—Claim to be satisfied in full—$36,566.69 plus interest from November 5, 1971.

(5) Holobeam—The balance of the surplus fund on a claim of $40.000.

PASQUALINO SIBILIA, PLAINTIFF, v.
MARY CARMELA SIBILIA, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided March 20, 1973.

Mr. *George W. Nicastro* for plaintiff.

Mr. *Francis W. Donahue* for defendant (*Messrs Rubin, Dolgoff and Sussman,* attorneys).

CONSODINE, J. S. C. Plaintiff secured an uncontested divorce. Subsequently defendant moves to reopen so that she may be awarded equitable distribution of the property which was legally and beneficially acquired by the parties during the marriage. *N. J. S. A.* 2A:34–23. The statute, in pertinent part, reads:

In all actions where a judgment of divorce * * * *is* entered the court may make such award * * * to the parties * * * to effecutate an equitable distribution of the property * * * legally and beneficially acquired by them * * * during the marriage. [Emphasis added]

The language of the statute emphasizes the present tense of the verb in relation to the time of entry of judgment. The language of the statute in other sections — *e. g.,* alimony, increase thereof for cause, institutionalization — is not restrictive of court action *in futuro,* initial or by way of modification. That language is completely permissive.

The court can only act to distribute equitably property acquired during the marriage if the prayer for that relief is before it at trial.

Motion denied.